IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

Mickey Peck, on behalf of himself and : 
other similarly situated individuals : 
: ELECTRONICALLY FILED ON: September 2, 2015
Plaintiff, : 
: CIV-15-950-F
v. : 
: **COLLECTIVE ACTION COMPLAINT**
SandRidge Energy, Inc. : 
: 
Defendant. : 

1. This is a collective action brought by Mickey Peck ("Plaintiff"), on behalf of himself and all others similarly situated, to recover overtime compensation from his former employer, SandRidge Energy, Inc. ("SandRidge" or "Defendant").

2. Defendant employs individuals in positions paid on a day rate basis. Plaintiff and the similarly-situated employees routinely worked more than forty (40) hours in a workweek but were not paid an overtime premium for any of their overtime hours.

3. Plaintiff brings this action as an opt-in collective action on behalf of himself and all similarly-situated individuals for violations of the federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff's FLSA claims are asserted as a collective action under the FLSA, 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

4. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 to hear this Complaint and to adjudicate these claims because this action is brought under the FLSA.

5. Venue is proper in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1391 because Defendant operates in this district, Plaintiff worked in this district for Defendant, and a substantial part of the events or omissions giving rise

to the claims occurred in this district.

## PARTIES

**Plaintiff**

6. Plaintiff is an adult resident of Cherokee, Oklahoma. Plaintiff worked for Defendant as a workover completions consultant from approximately February 2014 to March 2015 at work sites in northwest Oklahoma, including but not limited to sites in Alfalfa and Woods counties.

7. Plaintiff brings this action on behalf of himself and all other similarly situated individuals nationwide (the "FLSA Collective") pursuant to the FLSA, 29 U.S.C. § 216(b). Plaintiff and the FLSA Collective are individuals that currently work for, or have worked for Defendant who Defendant paid on a day rate basis. These individuals worked for Defendant within three years of the date this Complaint was filed. See 29 U.S.C. § 255(a).

**Defendant**

8. Defendant SandRidge Energy, Inc. is an Oklahoma corporation and maintains its principal place of business in Oklahoma City, Oklahoma.

9. According to its website, Defendant SandRidge Energy, Inc. is an oil and natural gas company, with its "principle focus is on exploration and production activities in the Mid-Continent region of the United States. SandRidge and its subsidiaries also own and operate gas gathering and processing facilities, saltwater disposal and electrical infrastructure facilities." Defendant owns 1.85 million acres of leasehold in northern Oklahoma and southern Kansas, with more than 11,000 drilling locations.

10. At all relevant times, Defendant is and has been an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

11. Defendant had a practice of unlawfully classifying its workers, including Plaintiff and the FLSA Collective, as "independent contractors" (also referred to as "consultants").

12. Defendant maintained a practice of paying its workers a day rate and not paying them any overtime compensation. These workers all worked under Defendant's direction and control and were all subject to the same unlawful pay practice.

## FACTUAL AND COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff and the FLSA Collective are individuals who worked for or are currently working for by Defendant and paid a day rate with no overtime premium for hours worked over forty (40) in a workweek.

14. Plaintiff files this action on behalf of himself and all similarly situated individuals. The proposed FLSA Collective is defined as follows:

> All persons who worked for Defendant as workover completions consultants, workover consultants, workover wellsite supervisors, or in positions with similar titles and duties and were paid on a day rate basis at any time since three years prior to the filing of this Complaint.

15. Plaintiff has consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is attached as Exhibit 1.

16. As this case proceeds, it is likely that other individuals will file consent forms and join as opt-in plaintiffs.

17. Defendant unlawfully classified Plaintiff and the FLSA Collective as independent contractors to avoid its obligations to pay overtime, and to reap the benefits of such illegal

classification such as reduced tax liability, avoiding workers' compensation, and passing its operating costs on to its workforce.

18.     Plaintiff was hired by Defendant.  He and the FLSA Collective worked exclusively for Defendant on a full-time and continuing basis.  Plaintiff and the FLSA Collective did not sell or advertise their services to the general public, or work for any other company other than Defendant.

19.     Plaintiff and the FLSA Collective were subject to Defendant's direction and control regarding the manner in which they performed their work.  For example:

   A. Defendant's workover superintendent supervised Plaintiff and the FLSA Collective's work.  Defendant also determined and set Plaintiff and the FLSA Collective's work schedules;

   B. Defendant provided Plaintiff and FLSA Collective equipment such as a laptop computer to be used for work;

   C. Defendant required Plaintiff and the FLSA Collective to use Defendant's email system and a company-issued email address for communications;

   D. Defendant required Plaintiff and the FLSA Collective to drive their personal vehicles from worksite to worksite, and reimbursed them for mileage;

   E. Defendant provided Plaintiff and the FLSA Collective with a daily housing allowance to pay for hotels, as it typically required them to stay at each worksite for multiple days;

   F. Defendant required Plaintiff and the FLSA Collective to submit daily reports consisting of specific details outlining the work they completed each day;

G. Defendant required Plaintiff and the FLSA Collective to track and report their daily work hours in Defendant's internal reporting software system called "Wellview";

H. Defendant required Plaintiff and the FLSA Collective to complete weekly invoices, listing the specific days worked, locations, and expenses;

I. Defendant required Plaintiff and the FLSA Collective to attend meetings to discuss details and specifications related to the work to be completed at worksites; and

J. Defendant required Plaintiff and the FLSA Collective to follow its instructions, processes, and policies regarding the method by which their work was to be completed.

20. During the applicable statutory period, Plaintiff and the FLSA Collective routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for their overtime hours worked.

21. For example, Plaintiff typically worked at least 12 hours per day (at times, as many as 15 or 16 hours). Defendant controlled and communicated Plaintiff's work schedule to him, which was often unpredictable. For example, there were instances when Defendant required Plaintiff to work anywhere from seven, to as many as thirty (30) consecutive days without a day off. Defendant informed Plaintiff as to when his off days would be, often times with little advanced notice.

22. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, misclassifying Plaintiff and the FLSA Collective as independent contractors, requiring Plaintiff and the FLSA

Collective to work excessive hours, and failing to pay them overtime compensation. The law is clear that day rate workers must be paid overtime compensation, and there are no exemptions to the federal overtime regulations that apply. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

23.     Defendant is liable under the FLSA for unlawfully classifying Plaintiff and the FLSA Collective as independent contractors, and for failing to properly compensate Plaintiff and the FLSA Collective for the overtime hours they worked. Accordingly, notice should be sent to the FLSA Collective. There are numerous similarly-situated individuals who worked for Defendant who suffered from Defendant's practice of denying overtime pay to day rate workers and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join. Those similarly-situated workers are known to Defendant and are readily identifiable through Defendant's records.

## CAUSE OF ACTION

## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME
### (On behalf of Plaintiff and the FLSA Collective)

24.     Plaintiff and the FLSA Collective restate and incorporate by reference the above paragraphs as if fully set forth herein.

25.     The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees additional compensation for all hours worked over forty (40) hours per workweek. More specifically, the FLSA requires that employees paid on a day rate basis receive this overtime pay. 29 C.F.R. § 778.112.

26.     Defendant suffered and permitted Plaintiff and the FLSA Collective to routinely work more than forty (40) hours a workweek without overtime compensation.

27.     Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the FLSA Collective their overtime premium.

28.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Plaintiff and the FLSA Collective are entitled to liquidated damages and attorney's fees and costs incurred in connection with this claim.

29.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and the FLSA Collective, prays for judgment against Defendant as follows:

> A.  Designation of this action as a collective action on behalf of Plaintiff and those similarly situated, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms;
>
> B.  A finding that Defendant unlawfully classified Plaintiff and the FLSA Collective as independent contractors;
>
> C.  A finding that Plaintiff and the FLSA Collective are non-exempt employees entitled to protection under the FLSA;
>
> D.  A finding that Defendant violated the overtime provisions of the FLSA;
>
> E.  A finding that Defendant's violations of the FLSA were willful;
>
> F.  Judgment against Defendant in the amount of Plaintiff's and the FLSA Collective's unpaid back wages at the applicable rates;

G. An award of all damages, liquidated damages, pre-judgment interest and/or post-judgment interest;

H. An award of attorneys' fees and costs incurred in prosecuting this action;

I. Leave to amend to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

J. Leave to amend to add state law claims; and

K. For such other and further relief, in law or equity, as this Court may deem appropriate and just.

DATED: 9/2/15          HAMMONS, GOWENS, HURST & ASSOCIATES

s/Leah Roper
Leah Roper, OK Bar No. 32104
Mark Hammon, OK Bar No. 3784
325 Dean A. McGee Ave
Oklahoma City, OK 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
leah@hammonslaw.com
mark@hammonslaw.com


NICHOLS KASTER, PLLP

Michele R. Fisher, MN Bar No. 303069
Alex M. Baggio, MN Bar No. 389912*
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878
fisher@nka.com
abaggio@nka.com

*Motion for Admission Pro Hac Vice forthcoming*

Attorneys For Plaintiff and the Putative FLSA Collective